Matter of Suffolk County Dept. of Social Servs. v Grassi (2005 NY Slip Op 50220(U))

[*1]

Matter of Suffolk County Dept. of Social Servs. v Grassi

2005 NY Slip Op 50220(U)

Decided on February 18, 2005

Family Court, Suffolk County

Spinner, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2005

Family Court, Suffolk County
In the Matter of a UIFSA Proceeding SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner
against
MARK A. GRASSI, Respondent
U 15665-04

Suffolk County Attorney
Attorney for Petitioner
400 Carleton Avenue
Central Islip, New York 11722
By: Brian B. Mulholland, Esq.
Douglas A. Durnin, Esq.
Attorney for Respondent
5355 Merrick Road
Massapequa, New York 11758
Joseph D. Mirabella, Esq.
Law Guardian
1235 Montauk Highway
Mastic, New York 11950

Jeffrey Arlen Spinner, J.
ORDERED that the motion of Douglas A. Durnin, Esq., Attorney for Respondent in the within proceeding, requesting this Court to grant an order dismissing the within petition and barring a filiation proceeding based on the argument that petitioner is equitably estopped from bring the within action, is hereby granted to the limited extent that a hearing on the issue of equitable estoppel shall be conducted, in order to allowed the conflicting factual allegations arising in the within motion to be properly argued before this Court;
In this UIFSA proceeding, a petition was brought on September 1, 2004, seeking an order of support and determination of filiation in regard to Valerie D. G., DOB: 12/24/91, a child presently residing in the State of Texas. Consequent to the breadth of the scope of the underlying petition, as well as the relief sought in the instant motion, the diversity of the issues involved will not, and cannot, be resolved by remote participation in a hearing to decide the matters before the Court, due to the paramount importance of assessing the credibility of each of the witnesses and/or parties involved here.
§580-316(f) of the Interstate Family Support Act of the Family Court Act provides that "...a tribunal of this state may permit a party or witness residing in another state to be deposed or to testify by telephone, audiovisual means, or other electronic means at a designated tribunal or other location in that state...". However, it is well established that there are cases where physical presence and in-court testimony are requisite to rendering a determination. This is most especially true in situations where genetic testing has not been presumptively conclusive, or where there may be an issue of equitable estoppel. [See Matter of Richard W. v. Roberta Y., 240 AD2d 812, 658 NYS2d 506 (3 Dept. 1997) and Matter of Ettore I. v. Angela D., 127 AD2d 6, 513 NYS2d 733 (2nd Dept. 1987)].
Furthermore, when the issue of paternity is at the crux of the matter before the Court, the petitioner's or witnesses' credibility may be critical as an element to be weighed by the trier of the facts who hears the testimony and evaluates the witnesses, especially in a petition brought to determine paternity, where credibility is of paramount importance in order to address the standard of clear and convincing proof. [See McKinney's Practice Commentaries at §580-316, by Prof. Merril Sobie].
Hence, in light of the delicate nature of the issues raised herein, the standards that need to be met and the evaluations that need to be made in deciding this motion, this matter is hereby set down for a hearing on the 15th day of March. 2005, at11:00 am of that day, requiring all parties to be present, including the Petitioner, the Respondent, the Subject Child and all other witnesses the [*2]parties want to be heard before this Court renders a decision, and furthermore, the Subject Child shall be made available before the commencement of said hearing, so that she may be interviewed by the Law Guardian, and also so the Court may consider an in-camera examination of said child.

Dated: February 18, 2005
_________________________________
HON. JEFFREY ARLEN SPINNER
Judge of the Family Court